UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

RICHARD PITTMAN,

    Plaintiff,
v.

NCL (Bahamas), Ltd.
A Bermuda Company,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **RICHARD PITTMAN**, by and through undersigned counsel, and sues the Defendant, NCL (Bahamas) Ltd., A Bermuda Company and further states as follows:

## GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 46 U.S.C. 740 and Rule 9(h) of the Federal Rules of Civil Procedure and the forum selection clause of Plaintiff's passenger cruise ticket contract with Defendant. There is no true and complete diversity of citizenship. Plaintiff is a resident and citizen of Canada. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent to bringing this action or such conditions do not apply to Plaintiff herein.

3. Defendant NCL (Bahamas) Ltd., A Bermuda Company is, upon information and belief, a foreign and/or Bahamian corporation, which is licensed to do business in

Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three as if set forth herein.

5. On or about April 12, 2015, Plaintiff was an adult fare paying passenger on Defendant's vessel NORWEGIAN PEARL. Defendant owned and/or operated the NORWEGIAN PEARL on the aforesaid date.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to conduct a passenger activity in a reasonably safe manner, and/or;

    b. Failing to have warnings of the dangers of participating in a passenger activity, and/or;

    c. Failed to have proper supervision of a passenger activity;

    d. Failed to have sufficient crew members conducting a passenger activity;

    e. Failed to have a safe place to conduct a passenger activity;

8. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing

Plaintiff's injury.

9. Plaintiff participated in a passenger game activity supervised by Defendant. The game was supervised by one employee, presumably the cruise director or assistant cruise director. The game consisted of passengers competing to perform pre-selected activities in a short period of time. The Defendant has variations of the game, sometimes it is called a scavenger hunt, but all these variations involve passengers hurrying to complete tasks to the amusement of fellow passengers watching the show.

10. In this particular iteration of the game, passengers were required to complete certain tasks in fifty-five seconds or less. The show is called "55 to stay alive." Plaintiff volunteered to be a participant. He was given a roll of toilet paper that he had to unroll in the fastest time possible and within the time allotted. The crew member conducting the game suggested to Plaintiff that he unroll it quickly along the floor. Plaintiff followed the suggestion of the crew member, which exposed the Plaintiff to a foreseeable risk of harm, in regard to the obstacles and hazards present in the venue.

11. As Plaintiff hurried to complete the task, he turned to his left, whereupon his head came into contact with a heavy metal cocktail table, causing a large gash on his forehead and a concussion. No one warned the Plaintiff to watch out for the table.

12. The game activity was conducted in the Spinnaker Lounge on Deck 13. It should have been conducted on a stage, not in a cocktail lounge, where there are obstacles, hazards or obstructions, such as heavy metal cocktail tables in the immediate vicinity of where Plaintiff was expected to walk quickly or run with

his head down, trying to unroll a roll of toilet paper as quickly as possible.

13. The Plaintiff's head struck the heavy metal cocktail table with such force that it knocked the table over. Plaintiff suffered a large gash on his head and a concussion.

14. At all times material, Plaintiff acted with due care for his own safety.

15. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

16. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense, and physical handicap, scarring and disfigurement and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

Dated this 4th day of April, 2016.

Respectfully submitted,

By: *//s// Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN, ESQ.
Florida Bar No: 279897
pmh@paulmhoffmanlaw.com
HOFFMAN LAW FIRM
2881 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-5040

-5-

-5-