UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  16-cv-21207-UU

RICHARD PITTMAN,

     *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda company,

     *Defendant*.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant NCL (Bahamas) Ltd., et al ("Norwegian" or "Defendant"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby serves its Answer and Affirmative Defenses to the Plaintiff's Amended Complaint.

## GENERAL ALLIGATIONS

1.     It is admitted only that the Plaintiff alleges an amount in excess of the jurisdictional threshold set forth by 28 U.S.C. §1332.  Norwegian denies the actual value of the claim and the Plaintiff's entitlement thereto.  Defendant admits this Court has subject matter jurisdiction by virtue of admiralty jurisdiction.

2.     Denied.

3.     Admitted, for purposes of this litigation only, that venue is proper.

## COUNT ONE-NEGLIGENCE

4.     Norwegian hereby adopts and fully incorporates its responses to the allegations contained in paragraphs one through three above.

**Norwegian Cruise Line**

5.　　It is admitted only that Plaintiff was a passenger aboard a vessel operated by Defendant.

6.　　Denied as an incomplete and inaccurate statement of law.

7.　　Denied, including subparagraphs (a) through (e).

8.　　Denied.

9.　　Denied.

10.　　Denied.

11.　　Denied.

12.　　Denied.

13.　　Denied.

14.　　Denied.

15.　　Denied.

16.　　Denied.

All allegations not expressly admitted are denied.

**AFFIRMATIVE DEFENSES**

1.　　The Plaintiff's own negligence was the sole proximate cause of his injuries and damages and, accordingly, the Plaintiff's claim is barred as a matter of law.

2.　　The Plaintiff's own negligence contributed to the subject accident and his injuries and damages and, accordingly, any award to the Plaintiff must be reduced in proportion to his own comparative negligence.

3.　　The Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of Defendant and for which Defendant cannot be held liable.

4.      Defendant had no actual or constructive notice or knowledge of the alleged unreasonable danger.

5.      The Plaintiff's claims are barred because there was no unreasonable danger or hazard that caused his alleged injuries.

6.      The Plaintiff's claims are barred inasmuch as the Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

7.      The allegedly dangerous condition was apparent, open and obvious and should have been observed by the Plaintiff in the ordinary course of his senses, barring any recovery by the Plaintiff.

8.      The incident and injuries alleged by the Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which the Defendant had no duty to protect the Plaintiff.

9.      Defendant fully discharged its duty to the Plaintiff by warning him of any dangers and/or unique conditions of the vessel.

10.      The damages allegedly suffered by the Plaintiff were not the result of any act or omission on the part of the Defendant, but were caused by the Plaintiff's pre-existing injuries and/or other trauma or illness suffered by the Plaintiff.  To the extent that the Defendant is liable for aggravating any pre-existing injury, illness or condition, which the Defendant specifically denies, the Plaintiff's damages should only be for an amount commensurate with the degree that said pre-existing injury, illness or condition was aggravated by the conduct or omission of the Defendant.

11.     This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and the Defendant adopts and incorporates same in its entirety to its answer by reference.

12.      Plaintiff's claims are governed by general maritime law and any recovery by Plaintiff is therefore limited by general maritime law.

13.     To the extent applicable, any award of damages to the Plaintiff must be reduced from any collateral source payments.

14.     The Plaintiff's Complaint still fails to state a claim upon which relief can be granted as there are no specific facts alleged which, if true, establish that Defendant was on notice of the alleged danger or that any alleged breach by Defendant was the proximate cause of the injury complained of.

15.     The alleged incident and injury may not have been fully disclosed, and therefore Defendant reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE**, Defendant, NCL (BAHAMAS) LTD., having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor and such other relief as this Court deems appropriate.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:     (305) 436-4377
Facsimile:     (305) 468-2132

By:  */s/ Geoffrey E. Probst*
        **Geoffrey E. Probst, Esq.**
        Florida Bar No. 505498
        gprobst@ncl.com

Case No.: 16-cv-21207-UU

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2016, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.


By:  */s/ Geoffrey E. Probst*
**Geoffrey E. Probst, Esq.**


## SERVICE LIST

*Richard Pittman vs. NCL (Bahamas) Ltd. a Bermuda company*
Case No.: 16-cv-21207-UU
United States District Court for the Southern District of Florida


Geoffrey E. Probst, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL  33126
Telephone:     (305) 436-4377
Facsimile:      (305) 468-2132
gprobst@ncl.com
ddeluca@ncl.com
*Attorneys for Defendant*

Paul M. Hoffman, Esq.
HOFFMAN LAW FIRM
2881 E. Oakland Park Blvd.
Ft. Lauderdale, FL 33306
Telephone:     (954) 707-5040
pmh@paulmhoffmanlaw.com
*Attorneys for Plaintiff*